IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

NOBLE DWAYNE HEMINGWAY-EL,    )
                              )
         Plaintiff,           )
                              )
    v.                        )    1:09CV608
                              )
THE CITY OF HIGH POINT,       )
                              )
         Defendant.           )

**MEMORANDUM OPINION AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

The instant matter comes before the undersigned United States Magistrate Judge for a recommended ruling on Defendant's Motion to Dismiss (Docket Entry 7) and Plaintiff's Motion to Quash Defendant [sic] Motion to Dismiss (Docket Entry 11). (See Docket Entry dated Nov. 7, 2011.) For the reasons that follow, the Court should grant Defendant's instant Motion to Dismiss and should deny Plaintiff's instant Motion to Quash.

Background

This case began when Plaintiff filed a "[l]awsuit for violation of rights" (Docket Entry 2 at 2), arising from his alleged interaction with police officers in High Point, North Carolina, on August 6, 2007 (see id. at 4-7). Defendant thereafter filed its instant Motion to Dismiss. (See Docket Entry 7.) Plaintiff responded in opposition and filed his instant Motion to

Quash. (See Docket Entries 10, 11.) The parties then completed briefing on both instant Motions. (See Docket Entries 12, 16, 17.)

Discussion

Plaintiff's Complaint fails to allege a cognizable claim under 42 U.S.C. § 1983 against Defendant. A municipality cannot be held liable under Section 1983 "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Monell v. Department of Soc. Servs., 436 U.S. 658, 691 (1978). To establish liability against a municipality under 42 U.S.C. § 1983, a plaintiff must show that "the constitutional injury is proximately caused by a written policy or ordinance, or by a widespread practice that is 'so permanent and well settled as to constitute a 'custom or usage' with the force of law.'" McFadyen v. Duke Univ., 786 F. Supp. 2d 887, 954 (M.D.N.C. 2011) (quoting City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988)). Plaintiff's Complaint contains no such allegations (see Docket Entry 2) and neither Plaintiff's response to Defendant's instant Motion to Dismiss nor Plaintiff's filings in support of his instant Motion to Quash articulate any such allegations (see Docket Entries 10, 11, 17). To the contrary, Plaintiff's filings present largely indecipherable arguments and appear to rely on discredited notions of so-called "Moorish" sovereignty. (See id.)

Similarly, Plaintiff's Complaint also fails to allege a viable state tort claim against Defendant. "The general rule in North Carolina is that a municipality is 'immune from torts committed by an employee carrying out a governmental function.'" Turner v. City of Greenville, 197 N.C. App. 562, 566, 677 S.E.2d 480, 483 (2009) (quoting Schmidt v. Breeden, 134 N.C. App. 248, 252, 517 S.E.2d 171, 174 (1999)). Plaintiff has not alleged that Defendant waived its immunity from liability for state torts. (See Docket Entry 2.) Nor do any of Plaintiff's subsequent filings make any such contention; instead, said filings offer only incoherent rhetoric that fail to address the legal deficiencies identified by Defendant. (See Docket Entries 10, 11, 17.)

## Conclusion

Plaintiff's Complaint lacks allegations sufficient to support either a Section 1983 claim or a state tort claim against Defendant. Moreover, Plaintiff's filings in opposition to Defendant's instant Motion to Dismiss and in support of Plaintiff's instant Motion to Quash propose nothing that could save Plaintiff's Complaint.

**IT IS THEREFORE RECOMMENDED** that Defendant's Motion to Dismiss (Docket Entry 7) be granted and that Plaintiff's Motion to Quash Defendant [sic] Motion to Dismiss (Docket Entry 11) be denied.

<pre>
                              /s/ L. Patrick Auld
                                L. Patrick Auld
                       United States Magistrate Judge
</pre>

April 16, 2012

-4-

Case 1:09-cv-00608-JAB-LPA   Document 18   Filed 04/16/12   Page 4 of 4